USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHRISTOPHER SADOWSKI,

                Plaintiff,

      - against -

TRIBUNA ABIERTA, INC.

                Defendant.
-------------------------------------------------------------X

23-CV-337 (VSB) (RWL)

**REPORT AND RECOMMENDATION TO HON. VERNON S. BRODERICK: DAMAGES INQUEST**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

    Plaintiff Christopher Sadowski ("Plaintiff" or "Sadowski"), a widely published photojournalist, filed this copyright infringement action against Defendant Tribuna Abierta, Inc. ("Defendant" or "Tribuna") for publishing Plaintiff's photograph on Tribuna's website without authorization. Tribuna failed to appear. On August 30, 2023, Judge Broderick granted default judgment as to liability and referred the matter to me to conduct an inquest on damages. For the reasons set forth below, I recommend that the Court award Plaintiff statutory damages in the amount of $7,200.

**FACTUAL BACKGROUND[1]**

    Sadowski is an award-winning photojournalist and widely published in several nationally recognized newspapers and magazines. (Compl. ¶¶ 6-7, Sadowski Decl. ¶ 3.) Sadowski maintains a commercial website (http://www.csnyphoto.com), which

---

[1] The factual background is based on the well-pled allegations of the Complaint ("Compl."), Dkt. 1, and the Declaration of Christopher Sadowski ("Sadowski Decl."), attached as Ex. A to Motion For Default Judgment ("Motion"), Dkt. 14, filed May 25, 2023 at Dkt. 14-1.

1

showcases a sample of his portfolio and details his photography services. (Compl. ¶ 10, Sadowski Decl. ¶ 7.) Sadowski owns the photographs and serves as the licensing agent for limited use of them by his customers. (Compl. ¶ 11, Sadowski Decl. ¶ 8.) Sadowski's standard terms include a limited, one-time license for use of any particular photograph by the customer only; the terms make clear that all copyright ownership remains with Sadowski and that his customers are not permitted to transfer, assign, or sub-license any of his photographs to any other person or entity. (*Id.*) Between 2020 and 2022, Sadowski licensed certain photographs for commercial use for amounts between $1,800 and $4,000. (Sadowski Decl. ¶ 18.) For the photograph at issue here, Sadowski would have charged an annual license fee of $1,800. (*Id.*)

In 2022, Sadowski created a professional photograph of a student wearing a mask (the "Work"). (Compl. ¶ 12.) Sadowski registered the Work with the Register of Copyrights on March 31, 2022 (the "Copyright"). (Compl. ¶ 13 & Ex. A.) In January of 2022, Tribuna published, without Sadowski's authorization, the Work on its website in connection with a news article. (*Id*. ¶¶ 17-19 & Ex. B.) Tribuna included a copyright notice on its website ("Copyright © All rights reserved. Open Tribune"), indicating that it owns the Work. (*Id*. ¶ 31 & Ex. B.) After discovering his Work on Tribuna's website, Sadowksi, through counsel, sent a demand in writing to Tribuna but has since been unable to negotiate a reasonable license for past infringement of his Work.[2] (*Id*. ¶ 22.) Accordingly, Sadowski filed the instant action.

---

[2] In his motion for default judgment, Sadowski asserts that Tribuna responded to a first contact by counsel but failed to respond to seven subsequent attempts to do so. (Motion at ECF 8.) The Court does not find any such or similar allegation in the Complaint or the Sadowski Declaration, but attorney billing records do reflect charges for a call between Sadowski's attorney and defense counsel concerning potential settlement, as well as

2

## PROCEDURAL HISTORY

Sadowski filed the Complaint on January 13, 2023, alleging copyright infringement. (Dkt. 1.) Tribuna failed to respond, and Sadowski obtained a Certificate of Default from the Clerk of the Court on April 12, 2023. (Dkt. 12.) On July 6, 2023, Judge Broderick issued an order to show cause why default judgment should not be entered against Tribuna. (Dkt. 27.) Tribuna did not appear at the hearing, held on August 30, 2023; that same day Judge Broderick entered a default judgment of liability against Tribuna and referred the matter to me for an inquest on damages. (Dkt. 31.) On August 31, 2023, I issued a scheduling order (1) requiring Sadowski to file a letter stating whether he stands on the materials submitted in support of default judgment as support for the inquest and to submit any additional materials to support the inquest by September 14, 2023, and (2) giving Tribuna until September 28, 2023, to submit any response. (Dkt. 32.) On September 12, 2023, Sadowksi filed a letter stating that he stands on the materials submitted in support of default judgment and attached copies of invoices referenced in his motion for default judgment. (Dkt. 36.) Tribuna did not file a response.

## LEGAL STANDARDS

When a defendant defaults, all well-pled facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true. *City Of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual

---

seven subsequent emails. (Dkt. 22-5.) Additionally, at the Court's request, Sadowski filed a letter with the Court explaining the nature of Sadowski's contact with Tribuna, including the dates of contact and the relevant contact information used. (*See* Dkts. 25-26.)

3

allegations contained in the complaint") (internal quotation marks and citation omitted); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (the court is "required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor"). "This principle applies regardless of whether default is entered as a discovery sanction or for failure to defend." *Walpert v. Jaffrey*, 127 F. Supp.3d 105, 129 (S.D.N.Y. 2015) (internal quotation marks and citation omitted). The court may also rely on factual allegations pertaining to liability contained in affidavits and declarations submitted by the plaintiff. *See, e.g., Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Nonetheless, the court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *Shld, LLC v. Hall*, No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017) (internal quotation marks omitted); see *Finkel*, 577 F.3d at 84.

Once liability is determined, the plaintiff bears the burden of establishing an amount of damages with reasonable certainty. *RGI Brands LLC v. Cognac Brisset-Aurige, S.A.R.L.*, No. 12-CV-1369, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (collecting cases), *R. & R. adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997). The court is charged with "'determining the proper rule for calculating damages ... and assessing plaintiff's evidence supporting the damages.'" *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp.2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). The damages award on a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

4

In determining damages after default judgment, the Court need not hold a hearing and may rely on affidavits, documentary evidence, and other evidence "as long as it ensured there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc.,* 109 F.3d at 111. Here, no party has requested a hearing, and the Court concludes that none is needed.

## DISCUSSION

### I.     Defendant's Liability

Based on the well-pled allegations of the Complaint and Tribuna's default, Tribuna is liable for willful copyright infringement.

### A.     Defendant's Copyright Infringement

To succeed on a claim of copyright infringement, a plaintiff must show that they own a valid copyright and that the defendant infringed on that copyright. *See Feist Publications, Inc. v. Rural Telephone Services Co.*, 499 U.S. 340, 361 (1991); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010). If a copyright is registered, it is presumed valid. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001).

To prove infringement, a plaintiff must first establish that the defendant actually copied their work. Second, they must demonstrate that a substantial similarity exists between defendant's work and the protectable elements of the work that was copied. (*Id.* at 110.) Either direct or indirect evidence can show actual copying; "[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (internal quotation marks and citation omitted). Whether there is substantial similarity depends on "whether an average lay observer would recognize the alleged copy

5

as having been appropriated from the copyrighted work." *Hamil America, Inc. v. GFI*, 193 F.3d 92, 100 (2d Cir. 1999).

Here, Sadowski registered the Work and owns a federal copyright registration. (Compl. ¶ 13 & Ex. A.) That registration is presumed valid. *Yurman Design*, 262 F.3d at 109. Thus, the first requirement to establish copyright infringement is met. The well-pled allegations also establish Tribuna's infringement. Tribuna had access to the copyrighted Work as it was displayed on Sadowksi's commercial website. (Compl. ¶ 10.) The Work and the photograph appearing on Tribuna's site appear identical, satisfying the second element of infringement. (Compare Compl. ¶ 12 with Compl. ¶ 17 & Ex. B.) Tribuna's liability for copyright infringement has been established, and Sadowski is entitled to damages.

**B.     Defendant's Willful Misconduct**

By defaulting and failing to counter the evidence of infringement asserted in the Complaint, Tribuna is deemed to have willfully infringed Sadowski's copyright in his Work. *North Face Apparel Corp. v. Moler*, No. 12-CV-6688, 2015 WL 4385626, at *6 (S.D.N.Y. July 16, 2015) (citing *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, No. 12-CV-9190, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013) (collecting cases), *R. & R. adopted*, 2014 WL 1338065 (S.D.N.Y. Apr. 3, 2014)), *R. & R. adopted*, 2015 WL 5472939 (S.D.N.Y. Sept. 16, 2015).

Even if Tribuna had not defaulted, the well-pled Complaint details infringing conduct that is willful. Tribuna published the Work on its website without a license to use or display the Work. (Compl. ¶ 18.) Tribuna also displayed a copyright notice on its website, both demonstrating an understanding of the importance of intellectual property

6

rights, and misrepresenting ownership of the Work's copyright. (*Id*. ¶ 31.) And despite having provided written notice to Tribuna of its unauthorized use, and several follow-up emails, Sadowski has not been able to negotiate a reasonable license fee. (*Id.* ¶ 22 and Dkt. 22-5.) Tribuna's infringement was willful.

## II. Damages

In his Complaint, Sadowski asks for "an award of actual damages and disgorgement of profits," or "statutory damages for willful infringement up to $150,000.00," "interest, including prejudgment interest," and costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505. (Compl. ¶ 37 items (c)-(e).) In his motion for default judgment, Sadowski requests statutory damages in lieu of actual damages. (Motion at ECF 11.) In the body of the motion, Sadowski asks for $9,000 in statutory damages, being five times the licensing fee of $1,800 he would have charged. (*Id.* at ECF 12.) But in the conclusion of the motion, he asks for $5,400.00, being three times the licensing fee. (*Id*. at ECF 15.) The Court has determined that the appropriate award is four times Sadowski's licensing fee for a total of $7,200. Sadowski also should be awarded reasonable attorney's fees, costs, and interest.

### A.  Legal Principles Governing Damages For Copyright Infringement

Under the Copyright Act, a defendant who has infringed is liable to the plaintiff for either the plaintiff's actual damages and the infringer's profits or statutory damages. 17 U.S.C. §§ 504(b) and (c). A successful plaintiff may receive either one or the other, but not both and must instead elect between actual or statutory damages any time before judgment is rendered. To be entitled to statutory damages (as well as to recover attorney's fees), however, a copyright plaintiff must have timely registered their work with

7

the United States Copyright Office. 17 U.S.C. § 412. Where, as here, the copyright owner published their work prior to infringement, they must register the work either before infringement or "within three months after the first publication." *Id.* Sadowski meets the latter requirement because both publication and infringement of the Work took place in January 2022, and Sadowski registered the Work on March 31, 2022, within three months. (Compl. ¶ 13 & Ex. A.)

The amount of statutory damages that may be awarded depends on whether the defendant infringed willfully. For non-willful infringement, the copyright owner may receive statutory damages between $750 and $30,000 per work infringed, "as the court considers just." 17 U.S.C. § 504(c)(1). The maximum permissible award for willful infringement rises to $150,000 per infringed work. (*Id*. § 504(c)(2).) "District courts enjoy wide discretion in setting statutory damages." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 171 (2d Cir. 2020) (citing *Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 143 (2d Cir. 2010)); *accord Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.*, 807 F.2d 1110, 1116 (2d Cir. 1986).

"Awards of statutory damages serve two purposes – compensatory and punitive." *Fitzgerald Publishing Co., Inc.*, 807 F.2d at 1117. When a court awards punitive damages, the statutory maximum is awarded for "truly egregious conduct such as where a defendant has been adjudged to have willfully infringed yet continued the same pattern of behavior in contravention of court order." *EMI April Music Inc. v. 4MM Games, LLC*, 2014 WL 325933, at *5 (S.D.N.Y. Jan. 13, 2014), *R. & R. adopted*, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014); *accord Miller v. Netventure24 LLC*, No. 19-CV-7172, 2021 WL 3934262, at *7 (S.D.N.Y. Aug. 6, 2021) (quoting *EMI April Music*), *R. & R. adopted*, 2021

8

WL 3931928 (S.D.N.Y. Sept. 2, 2021); *Myeress v. Elite Travel Group USA*, No. 18-CV-340, 2018 WL 5961424, at *3 (S.D.N.Y. Nov. 14, 2018) ("Cases where high statutory damages are awarded typically involve defendants who profit significantly despite repeated notices that they are infringing on the plaintiff's copyright").

The Second Circuit has identified several factors for the court to consider in determining the amount of statutory damages for copyright infringement. Those factors include: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant*, 603 F.2d at 144 (citing *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992)).

In cases involving willful infringement of photographs courts in this Circuit typically award a multiple of three to five times the amount of the licensing fee the plaintiff would expect to receive had the defendant properly licensed the photograph. *See, e.g.*, *Harrington v. Kaushan Media Corp.*, No. 23-CV-3213, 2023 WL 8880311, at *4 (S.D.N.Y. Nov. 21, 2023) (three times licensing fee), *R. & R. adopted,* 2023 WL 8879172 (S.D.N.Y. Dec. 22, 2023); *Wright v. Edwards*, No. 21-CV-6063, 2022 WL 17820247, at *9 (E.D.N.Y. July 18, 2022) (same); *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019) (five times license fee), *aff'd*, 970 F.3d 167 (2d Cir. 2020); *Tetra Images, LLC v. Grahall Partners, LLC*, No. 19-CV-5250, 2021 WL 2809566, at *4 (S.D.N.Y. July 6, 2021) (same); *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 358 (S.D.N.Y. 2017) (same); *Erickson Products, Inc. v. Only Websites, Inc.*, No. 12-CV-1693,

9


2016 WL 1337277, at *1 (S.D.N.Y. March 31, 2016) (three times license fee); *National Photo Group, LLC v. Bigstar Entertainment, Inc.*, No. 13-CV-5467, 2014 WL 1396543, at *3-4 (S.D.N.Y. Apr. 11, 2014) (same), *R. & R. adopted*, 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014). Courts apply a multiplier, rather than just the standard license fee, to send a message that "it costs less to obey the copyright laws than to violate them." *Broadcast Music, Inc. v. Pamdh Entertainment, Inc.*, No. 13-CV-2255, 2014 WL 2781846, at *3 (S.D.N.Y. June 19, 2014) (quoting *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 660 (S.D.N.Y. 1996)).

### B. Analysis Of The Relevant Factors

The Court finds that an appropriate award is four times the licensing fee, for a total of $7,200. Defendant's state of mind, need for deterrence, and conduct of the parties support a meaningful award of statutory damages. As explained above, Tribuna acted willfully. A significant award is warranted to deter Tribuna from future infringement and to deter others from engaging in similar conduct.

With respect to factors two and five – the profits earned by the infringer and the extent of the infringer's cooperation in providing evidence – Tribuna's default has resulted in an inability to conduct discovery and evaluate Tribuna's profits derived from the infringement. Inasmuch as Tribuna is responsible for its own failure to cooperate, the Court infers that it financially benefited to some extent from using the Work for its website. *See Skyrocket, LLC v. Comeyun*, No. 19-CV-11623, 2021 WL 9314807, at *7 (S.D.N.Y. May 6, 2021) (finding that, when the defaulting defendants failed to appear, answer, or otherwise respond to the complaint, it was "impossible to determine the Defaulting Defendants' profits," and so "the Court may, and does, infer that the Defaulting

Defendants financially benefited to a significant degree") (citing *AW Licensing, LLC v. Bao*, No. 15-CV-1373, 2016 WL 4137453, at *3 (S.D.N.Y. Aug. 2, 2016)), *R. & R. adopted*, 2022 WL 2712852 (S.D.N.Y. July 13, 2022)).

Finally, the third factor – revenue lost by the copyright holder – is what Sadowski would have charged as a one-time licensing fee. As noted above, that value is $1,800, but a multiplier is necessary to deter infringement and make it more costly to infringe than to operate legally.

Sadowski has inconsistently put forward two different multipliers as his request for statutory damages – one for three times his license fee; the other for five. (Motion at ECF 12, 15.) Taking into account all relevant factors as set forth above, the Court finds that an award of $7,200 – four times Sadowski's licensing fee – achieves the appropriate goals of a statutory damages award.

### III.   Attorney's Fees And Costs

Sadowski seeks recovery of reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505. (Compl. ¶ 37(d).) He is entitled to both.

**A.   Fees**

Although Section 505 allows the Court discretion as to whether the prevailing party should be awarded fees, Defendant's willful infringement warrants such an award. *See Kepner-Tregoe, Inc. v. Vroom*, 186 F.3d 283, 289 (2d Cir. 1999); *Mockingbird 38, LLC v. International Business Times, Inc.*, No. 21-CV-283, 2022 WL 154137, at *6 (S.D.N.Y. Jan. 18, 2022); *Simons v. Brigade USA Inc.*, No. 21-CV-5311, 2022 WL 4115369, at *8 (E.D.N.Y. July 27, 2022). Here, a reasonable fee award amounts to $2,987.50.

11

The traditional approach to determining a reasonable fee award is the "lodestar" calculation derived from multiplying the number of hours expended by a reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007); *Tackie v. Keff Enterprises LLC*, No. 14-CV-2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). The Second Circuit has held that "the lodestar ... creates a 'presumptively reasonable fee.'" *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); and then citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)); *see also Stanczyk v. City Of New York*, 752 F.3d 273, 284-85 (2d Cir. 2014) (reaffirming *Millea*). To calculate the lodestar, "[t]he party seeking an award of [attorneys'] fees should submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff has submitted such evidence, including a declaration from counsel and copies of contemporaneous records of time expended by specific attorneys. (DeSouza Decl. ¶ 10 and Ex. E.[3])

When looking to the reasonableness of a proposed hourly rate, courts consider the prevailing market rate for lawyers in the district in which the ruling court sits. *Polk v. New York State Department of Correctional Services*, 722 F.2d 23, 25 (2d Cir. 1983). "The rates used by the court should be current rather than historic hourly rates." *Reiter v. Metropolitan Transportation Authority Of New York*, 457 F.3d 224, 232 (2d Cir. 2006) (internal quotation marks omitted). "[C]ourts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if no such

---

[3] "DeSouza Decl." refers to the Declaration of Daniel DeSouza, filed on June 9, 2023, at Dkt. 22.

12

evidence is submitted." *Wong v. Hunda Glass Corp.*, No. 09-CV-4402, 2010 WL 3452417, at *2 (S.D.N.Y. Sept. 1, 2010) (internal quotation marks omitted). Additionally, "the range of rates that plaintiff's counsel actually charges their clients ... is obviously strong evidence of what the market will bear." *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008); *see also Lilly v. County Of Orange*, 910 F. Supp. 945, 949 (S.D.N.Y. 1996) ("The actual rate that counsel can command in the market place is evidence of the prevailing market rate").

The law firm CopyCat Legal represents Plaintiff in this action; fees are sought for the work of two attorneys and one paralegal. Lead counsel, Daniel DeSouza, has 20 years of experience in intellectual property litigation, including representing Sadowski in copyright infringement litigation. (DeSouza Decl. ¶¶ 9-10, 17.) Mr. DeSouza billed at an hourly rate of $450.00 for 2.5 hours. (*Id*. ¶¶ 15-16 and Ex. E.) An associate attorney, Meghan Medacier, billed at an hourly rate of $325.00 for 5.50 hours. (*Id*. ¶¶ 11, 15-16 and Ex. E.) Denise Sosa, a paralegal, billed at an hourly rate of $125.00 for .60 hours. (*Id*. ¶ 15 and Ex. E.)

The rates requested for Plaintiff's attorneys are reasonable. After reviewing the qualifications of each individual for whom such rates are sought, as well as the roles played by each in this case, the Court finds the rates charged appropriate for attorneys of their background and experience. Courts in this District have previously approved rates within the range sought and even higher rates. *See, e.g.*, *Latin American Music Company, Inc. v. Spanish Broadcasting System, Inc.,* 13-CV-1526, 2020 WL 2848232, at *6 (S.D.N.Y. June 1, 2020) (observing that courts in copyright cases consider reasonable rates of $400 to $750 an hour for partners); *Bass v. Diversity Inc. Media*, No. 19-CV-2261,

13

2020 WL 2765093, at *6 (S.D.N.Y. May 28, 2020) ("A review of cases in this District and in the Eastern District of New York suggests that courts have approved associate rates of $350 and up to $500 for partners in copyright cases); *Pyatt v. Raymond*, 10-CV-8764, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (over a decade ago, collecting cases approving rates ranging from $400 to $650 for partners in copyright and trademark cases).

To determine the compensable hours, "the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Tlacoapa v. Carregal*, 386 F.Supp.2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876 (internal quotation marks and citation omitted). "The relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *see also Mugavero v. Arms Acres, Inc.*, No. 03-CV-5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same). Therefore, a court should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation").

After reviewing the records provided by CopyCat Legal, the Court finds the time spent to be reasonable. The work performed generally is of the nature and type that would be expected for a case such as this one. The principal work performed included drafting the demand letter, speaking with defense counsel and sending follow-up emails, drafting the Complaint, drafting the application for a certificate of default, and drafting the motion for default judgment. (DeSouza Decl. ¶ 15 and Ex. E.) The Court has not detected any inefficiency or duplication of work, and the tasks seem to have been delegated to the appropriate person based on rates and experience. Because the hours spent on Plaintiff's case were all reasonably necessary and supported by documentation, and the hourly fees requested are reasonable, Sadowski should be awarded attorney's fees of $2,987.50. (*See id.* ¶ 18 and Ex. E.)

**B.   Costs**

When a party prevails, they are entitled to recover costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party"). By default, Sadowski has prevailed. He seeks recovery of $660.02 in costs, including the complaint filing fee ($402.00) and service ($258.02). (DeSouza Decl. ¶ 19, Ex. E.) It is routine to award such costs. *See Malletier v. Artex Creative International Corp.*, 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (costs such as filing fees, shipping costs, and research fees are "typically awarded when a defendant defaults") (citing *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 369 F.3d 91, 98 (2d Cir. 2004). Upon reviewing Plaintiff's submissions, the Court finds sufficient proof of the costs paid and that they are recoverable. Accordingly, Sadowski should be awarded $660.02 in costs.

### IV.     Pre-Judgment Interest

The Court has discretion to award pre-judgment interest in copyright infringement cases. *Samsonite IP Holdings S.àr.l. v. Shenzhen Liangyiyou E-Commerce Co., Ltd.*, No. 19-CV-2564, 2023 WL 8805645, at *7 (S.D.N.Y. Dec. 20, 2023); *compare Capitol Records, Inc. v. MP3tunes, LLC*, No. 07-CV-9931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015) (declining to award pre-judgment interest in light of sizeable award "far exceed[ing] actual damages" and because plaintiff prolonged the case) *with Broadcast Music, Inc.*, 919 F. Supp. at 661 ("Although an award of pre-judgment interest in cases under the Copyright Act is discretionary with the court, ... this is a case where it would be appropriate to further the goals of the Act") (internal citations omitted).

"The essential rationale for awarding pre-judgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Division, National Gypsum Co.*, 515 U.S. 189, 195 (1995). "By compensating for the loss of use of money due as damages from the time the claim accrues until judgment is entered, an award of pre-judgment interest helps achieve the goal of restoring a party to the condition it enjoyed before the injury occurred." *Id.* at 196 (internal quotation marks and citation omitted). Courts have also considered deterrence when deciding whether to award pre-judgment interest. As the *Capitol Records* court explained, "[s]ome courts have declined to award pre-judgment interest for willful copyright infringement, finding that pre-judgment interest should be reserved for 'exceptional' circumstances, and concluding that damages for willfulness have already been factored into an award of maximum statutory damages. ... Other courts have determined that pre-judgment interest is

16

appropriate to help deter willful copyright infringement." 2015 WL 13684546 at *4 (internal citations omitted).

In this case, the Court recommends that pre-judgment interest be awarded on the statutory damages award for copyright infringement because Defendant knowingly and willfully infringed on Plaintiff's Work. *See Business Casual Holdings, LLC v. TV-Novosti*, No. 21-CV-2007, 2023 WL 1809707, at *13 (S.D.N.Y. Feb. 8, 2023) (awarding pre-judgment interest on statutory damages for copyright infringement), *R. & R. adopted*, 2023 WL 4267590 (S.D.N.Y. June 28, 2023); *EMI April Music Inc. v. 4 MM Games, LLC*, No. 12-CV-2080, 2014 WL 325933, at *9 (S.D.N.Y. Jan. 13, 2014) (same), *R. & R. adopted*, 2014 WL 1383468, S.D.N.Y. (Apr. 7, 2014); *Dweck v. Amadi*, No. 10-CV-2577, 2011 WL 3809907, at *6 (S.D.N.Y. July 26, 2011) (same), *R. & R. adopted*, 2011 WL 3809891 (S.D.N.Y. Aug. 29, 2011).

In terms of the applicable interest rate, while not required, many courts apply the federal post-judgment interest rate set forth in 28 U.S.C. § 1961(a) in copyright and other intellectual property cases. *See, e.g., Business Casual Holdings*, 2023 WL 1809707, at *13 (awarding pre-judgment interest in copyright case at federal post-judgment rate); *Cengage Learning, Inc. v. Shi*, No. 13-CV-7772, 2017 WL 1063463, at *5 (S.D.N.Y. March 21, 2017) (awarding pre-judgment interest in a copyright and trademark case "in accordance with the rate set forth in 28 U.S.C. § 1961"); *Dweck*, 2011 WL 3809907, at *6 ("although there is no federal statutory rate for prejudgment interest, several courts have chosen to adopt the rate contained in 28 U.S.C. § 1961") (internal quotation marks and citations omitted). The Court finds no reason not to do so here.

Accordingly, the Court recommends that Sadowski receive pre-judgment interest on its statutory copyright damages pursuant to the rate set forth in 28 U.S.C. § 1961 from the date the complaint was filed in the instant case through the date of judgment.

## CONCLUSION

For the foregoing reasons, I recommend that the Court award Plaintiff $7,200 in statutory damages; pre-judgment interest at the rate set forth in 28 U.S.C. § 1961, starting from commencement of the action; and attorney's fees and costs of $3,647.52.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation.  Any party shall have fourteen (14) days to file a written response to the other party's objections.  Any such objections and responses shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable Vernon S. Broderick, United States Courthouse, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007.  Any request for an extension of time for filing objections must be addressed to Judge Broderick.  **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review.**

Plaintiff shall serve Defendants with this Report and Recommendation, by any method previously approved by the Court, within three days of entry and shall file proof of service within three days thereafter.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 16, 2024
      New York, New York

Copies transmitted this date to all counsel of record.